PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICHARD HEDGEPATH,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, RAFAEL
ITURRALDE, JOHN URENA, JOHN AND JANE
DOES,

                Defendants.
-------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Demand

14 CV 6768 (KBF)

Plaintiff RICHARD HEDGEPATH (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq., and Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2.   The action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3.   Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.   Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## FACTS

6.   Plaintiff is a veteran who works as a security guard and lives in the Bronx.

7.   Defendant City is a municipality duly organized under the laws and regulations of the State of New York.

8.   The individual defendants are members of the NYPD and were acting under the color of state law and are being sued in their individual and official capacities.

9.   On December 28, 2012, plaintiff was walking towards his home at 1669 Macombs Road, Bronx, New York.

10. Around 2 a.m., as plaintiff walked, he was asked by one of the individual defendants, if plaintiff knew where the officers could buy drugs or find women at that time of the night.

11. Plaintiff stated that he did not know where to find drugs or women and directed the officers towards a store down the street, away from him and his home in an effort to appease them and get home.

12. As plaintiff continued to walk home, he was jumped on by the named and and several other undercover officers who arrested him.

13. Plaintiff was taken into a van where he noticed that there were other individuals who had been arrested for the same or similar crimes.

14. Plaintiff was held for 24 hours and finally released.

15. Plaintiff and the arresting officer testified at the grand jury

16. The grand jury not believing the arresting officer's story, refused to return a true bill and all charges against the plaintiff were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "16" with the same force and effect as if fully set forth herein.

18. There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

19. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure and unlawful governmental intrusion was violated and he sustained physical, economic and emotional injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

20. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as if fully set forth herein.

21. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

22. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution)

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. Defendants arrested and filed false charges against plaintiff.

25. Defendants knew that based on these charges, plaintiff would have to endure numerous court appearances, yet they failed to discontinue the prosecution or inform the DA that the charges were false.

26. As a result of defendants' actions, plaintiff suffered injuries.

WHEREFORE plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
January 20, 2015

                                                PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:/s
   Vik Pawar (VP9101)
   Robert Blossner (RB0526)
   *Attorneys for Plaintiff*